UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GARY G. MOOSE, | 05-CV-0707E(Sc) |
| Plaintiff, | |
| -vs- | MEMORANDUM |
| STANT CORPORATION, | and |
| Defendant. | ORDER[1] |

---

INTRODUCTION

Gary G. Moose ("Plaintiff") commenced this action seeking a declaratory judgment against Defendant Stant Corporation ("Stant") in New York State Supreme Court, Erie County, on August 26, 2005. On October 6, 2005, Stant removed the action to this Court on the basis of diversity jurisdiction. On November 4, 2005, Plaintiff filed the instant motion to remand pursuant to 28 U.S.C. §1447 arguing that Stant has failed to demonstrate with reasonable certainty that the amount in controversy exceeds $75,000 and that the matter should be remanded to state court.

BACKGROUND

On June 4, 1998, Plaintiff, formerly employed by Stant as Senior Vice President – Marketing, entered into a settlement agreement with Stant regarding the determination of his rights pursuant to his termination of employment. The parties agreed that Plaintiff had the right to participate in all of Stant's group medical and

---

[1]This decision may be cited in whole or in any part.

dental insurance programs through Stant's subsidiary, Fedco Automotive Components Company, Inc. ("Fedco"), until May 31, 1999 and that, thereafter, Plaintiff had the right to continue to participate in all of Stant's group medical and dental insurance programs for the remainder of his life, provided that Plaintiff paid for the entire cost of participation. Some time after entering into the settlement agreement with Plaintiff, Stant sold its Fedco subsidiary. In June 2005, Stant advised Plaintiff it had no further obligation to provide Plaintiff an opportunity to participate in Stant's group health care plans. Consequently, Plaintiff obtained health insurance coverage through another source.

On August 26, 2005, Plaintiff brought this action in state court seeking a declaratory judgment as to Stant's obligation to provide him with the opportunity to participate in the company's insurance programs at Plaintiff's own cost and for the remainder of his life, pursuant to the terms of the settlement and employment agreements. Plaintiff did not allege any damages in his complaint.

On October 6, 2005, Stant filed a notice of removal of the action to this Court based on diversity jurisdiction. On November 4, 2005, Plaintiff filed the instant motion to remand arguing that Stant had failed to demonstrate that the amount in controversy exceeds $75,000.[2] Plaintiff also seeks his attorney's fees and costs associated with the motion. Stant filed an opposition to the motion to remand on

---

[2]Plaintiff concedes that Stant met its burden of demonstrating diversity of citizenship between the parties as required by 28 U.S.C. §1332(a)(1).

November 23, 2005 and Plaintiff filed reply papers on November 29, 2005. The motion was submitted on the papers on December 2, 2005.

## DISCUSSION

The removal of a state court action to federal court is regulated under 28 U.S.C. §1441(a), which provides in part that:

> "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. §1441(a). Federal courts construe removal statutes narrowly and any doubts are resolved against removal. *Lupo* v. *Human Affairs, Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal citation omitted). The burden of demonstrating the existence of federal subject matter jurisdiction rests on the party removing the action to federal court. *California Pub. Employees' Retirement Sys.* v. *WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004), *cert. denied sub nom. California Pub. Employees' Retirement Sys.* v. *Ebbers*, 543 U.S. 1080 (2005). If the district court finds that it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. §1447(c).

In determining whether diversity jurisdiction exists, the court must ascertain whether there is complete diversity of the parties and whether "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. §1332(a). The burden rests on the party asserting diversity jurisdiction to show by a "reasonable probability" that the claim is in excess of the statutory jurisdictional requirement.

*Chase Manhattan Bank, N.A.* v. *Am. Nat'l Bank and Trust Co.*, 93 F.3d 1064, 1070 (2d Cir. 1996). "The amount in controversy is determined at the time the action is commenced." *Tongkook Am., Inc.* v. *Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).

To determine whether the jurisdictional amount is satisfied, the court looks first to the plaintiff's complaint and then to the petition for removal filed by the defendant. *Mehlenbacher* v. *Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Where, as here, the initial pleadings and the petition for removal are inconclusive as to the value of the controversy, the court may look to the moving papers. *See Pollock* v. *Trustmark Ins. Co.*, 367 F.Supp.2d 293, 297 (E.D.N.Y. 2005); *see also United Food & Comm. Workers Union, Local 919, AFL-CIO* v. *CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (stating that to ascertain the amount in controversy "federal courts may look outside [the] pleadings to other evidence in the record"). Generally, the amount in controversy depends upon the type of relief sought. *Pollock*, 367 F.Supp.2d at 297. When the relief sought is non-monetary, courts in the Second Circuit endeavor to quantify the value of such relief. *Concorde Fin. Corp.* v. *Value Line, Inc.*, 2004 WL 287658, at *2 (S.D.N.Y. 2004). Courts ascertain the value of a non-monetary relief from the perspective of the Plaintiff alone. *Id*.

Plaintiff contends that Stant has not shown to a reasonable probability that the amount in controversy exceeds the jurisdictional threshold of $75,000. In its removal petition, Stant merely states that the value of Plaintiff's participation in Stant's insurance programs exceeds $75,000. This assertion without more is not sufficient

Case 1:05-cv-00707-JTE   Document 10   Filed 04/13/06   Page 5 of 6

to show a "reasonable probability" that the jurisdictional threshold is met. *See Lupo*, 28 F.3d at 273-74 (denying defendant's petition for removal for failure to allege facts adequate to establish that the amount in controversy exceeded $75,000).

In its opposition to Plaintiff's motion to remand, Stant argues that the amount in controversy is the value of Plaintiff's participation in Stant's group medical and dental programs for the remainder of his life. Stant further argues that there are two methods of computing the value of Plaintiff's relief, both based on statistical data pertaining to an average participant of the same age as Plaintiff. The "Claims Payment Methodology" involves calculating the average of the total claims potentially submitted by the participant for the remainder of his life, while the "Premium Methodology" entails calculating the average cost of premiums that the participant would be required to pay for the remainder of his life. According to Stant, the value of Plaintiff's participation in its medical and dental programs is well above the jurisdictional threshold under both the claims payment or the premium analyses.[3]

While these methods would be generally acceptable to calculate the value of a participant's expected lifetime medical and dental coverage, they are inapposite here because Plaintiff does not seek to recover the cost of his coverage. Rather, from Plaintiff's perspective, the value of a declaratory judgment in his favor would be the difference in the cost he currently pays for coverage as compared with the cost of

---

[3]*See* Affidavit of Cindy A. Somer-Larsen calculating the amount in controversy as $205,123.00 under the "Claims Payment Methodology," and as $405,363.00 under the "Premium Methodology."

-5-

obtaining coverage through Stant.  Stant's proposed methods of computation fail to show what benefit Plaintiff would obtain by having an opportunity to participate to Stant's group programs *vis-à-vis* having to purchase insurance coverage through other sources as he does now.  In light of the above, this Court finds that Stant has failed to show to a "reasonable probability" that the amount in controversy exceeds $75,000.

Accordingly, it is hereby **ORDERED** that Plaintiff's motion to remand will be granted and the case will be remanded to the New York State Supreme Court, Erie County.[4]

DATED:   Buffalo, N.Y.

April 12, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.

---

[4] The Court has considered Plaintiff's claim pursuant to 28 U.S.C. §1447(c) for the attorney's fees and costs associated with his motion to remand.  The Court finds that an award of fees and costs is not appropriate in this case.  Under *Martin* v. *Franklin Capital Corp.*, – U.S. – ,126 S.Ct. 704 (2005), a federal court may award attorneys fees under 28 U.S.C. §1447(c) only when, absent unusual circumstances, the removing party "lacked an objectively reasonable basis for seeking removal."  *Id.* at 711.  Stant's proposed methods to assess the value of Plaintiff's expected lifetime medical and dental coverage are not objectively unreasonable.  Rather, these methods do not reflect the value of the controversy from the perspective of the Plaintiff and are inapposite in this case.